IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BARBARA HAIGLER, as Personal Representative for the ESTATE OF TANGELA HAILGER,** ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CASE NO.: 2:07-CV-191-MHT |
| **ELI LILLY AND COMPANY et al.** ) ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## ANSWER OF DEFENDANT ELI LILLY AND COMPANY TO PLAINTIFF'S COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its counsel, hereby responds to plaintiff's Complaint as follows:

## STATEMENT OF PARTIES

1. Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint.

2. Lilly denies the allegations in Paragraph 2 of the Complaint, except admits that (i) Lilly is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana; (ii) at certain times Lilly has been authorized to do business in the State of Alabama and in this judicial district; and (iii) Lilly researched, tested, developed, manufactured, labeled, marketed, and sold Zyprexa® to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with

warnings approved by the Food and Drug Administration ("FDA") regarding the risks and benefits of the medication.

      3.    Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint, and therefore denies the allegations contained in Paragraph 3 of the Complaint. To the extent the allegations contained in Paragraph 3 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

## JURISDICTION AND VENUE

      4.    Lilly admits that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.

      5.    Lilly denies the allegations contained in Paragraph 5 of the Complaint, except admits that (i) at certain times, Lilly has been authorized to do business in the State of Alabama, including Jefferson County, Alabama; (ii) Lilly researched, tested, developed, manufactured, marketed, and sold Zyprexa to independent pharmaceutical wholesalers, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication; and (iii) Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Tangela Haigler's physician and the location where Tangela Haigler died.

## FACTUAL ALLEGATIONS

      6.    Lilly denies the allegations contained in Paragraph 6 of the Complaint, except is without knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations contained in Paragraph 6 of the Complaint relating to whether Tangela Haigler ingested Zyprexa.

7. Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8. Lilly denies the allegations contained in Paragraph 8 of the Complaint, except admits that (i) Zyprexa is a psychotropic agent that belongs to the thienobenzodiazepine class of medications also known as "atypical antipsychotics"; and (ii) Zyprexa is approved by the FDA for the "treatment of schizophrenia," "the treatment of acute mixed or manic episodes associated with Bipolar I Disorder," and maintenance monotherapy for Bipolar Disorder; and the combination of Zyprexa with Lithium or Valproate "is indicated for the short-term treatment of acute manic episodes associated with Bipolar I Disorder."

9. Lilly denies the allegations contained in Paragraph 9 of the Complaint, except admits that Lilly researched, tested, developed, manufactured, labeled, marketed, and sold Zyprexa to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint, except admits that Lilly marketed for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication. To the extent the allegations contained in Paragraph 10 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint, except admits that (i) Lilly marketed for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication; and (ii) at certain times Lilly has been authorized to do business in the State of Alabama and in this judicial district.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint, except admits that Lilly marketed for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication. To the extent the allegations contained in Paragraph 13 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

14. Lilly denies the allegations contained in Paragraph 14 of the Complaint.

15. Lilly denies the allegations contained in Paragraph 15 of the Complaint. To the extent the allegations contained in Paragraph 15 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

16. Lilly is without knowledge or information as to Plaintiff's meaning of the term "total profits," and therefore denies the allegations contained in Paragraph 16 of the Complaint.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint, except is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint concerning the unidentified "medical literature" and the "numerous reports and studies."

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint. By way of further response, Lilly denies the allegations contained in Paragraph 18 of the Complaint concerning the Duke University Press Release and the article in the Medical Journal of Pharmacotherapy to the extent the allegations are inconsistent with the findings and conclusions of the Duke University study when assessed in context and in their entirety. To the extent the allegations contained in Paragraph 18 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

19. Lilly denies the allegations contained in Paragraph 19 of the Complaint, except is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint relating to Tangela Haigler's physician(s). To the extent the allegations contained in Paragraph 19 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

20. Lilly denies the allegations contained in Paragraph 20 of the Complaint. To the extent the allegations contained in Paragraph 20 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

**COUNT ONE**
**[WRONGFUL DEATH – STRICT LIABILITY]**

21. Lilly incorporates by reference, as though fully set forth herein, its answer to each and every allegation contained in each paragraph of the Complaint.

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint, except admits that (i) Lilly researched, tested, developed, manufactured, marketed, and sold Zyprexa to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with warnings approved by the FDA regarding the risks and benefits of the medication; (ii) at

certain times Lilly has been authorized to do business in the State of Alabama and in this judicial district; and (iii) Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint relating to Tangela Haigler, physicians, and consumers. To the extent the allegations contained in Paragraph 22 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint. To the extent the allegations contained in Paragraph 23 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint. To the extent the allegations contained in Paragraph 24 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

25. Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint.

26. Lilly denies the allegations contained in Paragraph 26 of the Complaint. To the extent the allegations contained in Paragraph 26 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

27. Lilly denies the allegations contained in Paragraph 27 of the Complaint.

28. Lilly denies the allegations contained in Paragraph 28 of the Complaint. To the extent the allegations contained in Paragraph 28 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the

costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

## COUNT TWO
### [WRONGFUL DEATH – NEGLIGENCE]

29.     Lilly incorporates by reference, as though fully set forth herein, its answer to each and every allegation contained in each paragraph of the Complaint.

30.     Lilly denies the allegations contained in Paragraph 30 of the Complaint, except admits that at all times relevant to plaintiff's Complaint, it had a duty to exercise reasonable care in the research, testing, development, manufacturing, labeling, warning, marketing, and sale of Zyprexa. Lilly denies that it breached such a duty. To the extent the allegations contained in Paragraph 30 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

31.     Lilly denies the allegations contained in Paragraph 31 of the Complaint. To the extent the allegations contained in Paragraph 31 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

32.     Lilly denies the allegations contained in Paragraph 32 of the Complaint. To the extent the allegations contained in Paragraph 32 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

33.     [Plaintiff's Complaint omits Paragraph 33.]

34.     Lilly denies the allegations contained in Paragraph 34 of the Complaint. To the extent the allegations contained in Paragraph 34 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

35. Lilly denies the allegations contained in Paragraph 35 of the Complaint. To the extent the allegations contained in Paragraph 35 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

36. Lilly denies the allegations contained in Paragraph 36 of the Complaint. To the extent the allegations contained in Paragraph 36 of the Complaint are directed at parties other than Lilly, Lilly refers to the responses of those parties.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

## PREAMBLE TO AFFIRMATIVE DEFENSES

Defendant Eli Lilly and Company, by its counsel, pleading in the affirmative and without prejudice to its other pleadings, states the following affirmative defenses. By virtue of asserting additional defenses, Lilly does not assume any burden of proof not otherwise legally assigned to it.

Lilly reserves the right to rely upon any of the following or any additional defenses to each claim for relief asserted by plaintiff to the extent that such defenses are supported by information developed through discovery or by evidence at trial.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Venue is improper in this judicial district.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the learned intermediary and/or sophisticated user doctrines. At all relevant times herein, the deceased's prescribing physicians were in the position of learned intermediaries and/or sophisticated purchasers, fully knowledgeable and informed with respect to the risks and benefits of Zyprexa.

### FIFTH AFFIRMATIVE DEFENSE

The injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole or in part by the negligence of the deceased and/or others, over whom Lilly exercised no control, had no opportunity to anticipate or right to control, and with whom Lilly had no legal relationship by which liability could be attributed to it because of the actions of the deceased and/or others.

### SIXTH AFFIRMATIVE DEFENSE

The alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, was caused in whole or in part by the deceased's and/or other's failure to exercise reasonable care and diligence to mitigate the alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Any and all damages alleged in the Complaint may have been caused by misuse of the product, failure to use the product properly, or negligent use of the product, and therefore the risk was assumed.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal law in that Zyprexa was manufactured and labeled in a manner consistent with the state of the art at the pertinent time and approved by the FDA.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovering any damages by virtue of the fact that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by the plaintiff without substantially impairing the usefulness or intended purpose of the subject product.

### TENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the doctrines concerning unavoidably unsafe products, including, but not limited to, the operation of comments j and k to Section 402A of the Restatement (Second) of Torts and/or the Restatement (Third) of Torts.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable provisions of the United States Constitution, the Alabama Constitution and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case. These provisions include, but are not limited to, the First Amendment to the Constitution of the United States and/or Article I, Section 4 of the Constitution of the State of Alabama because Lilly's commercial speech regarding Zyprexa was neither false nor misleading.

## TWELFTH AFFIRMATIVE DEFENSE

Lilly alleges the deceased was fully informed of the risks of the use of the product made the subject of this action by her treating physicians, and the informed consent given by the deceased is pleaded as an affirmative defense.

## THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, the deceased had, or in the exercise of reasonable diligence would have had, full knowledge of the risks and possible adverse side effects pertaining to the use of the subject product, as well as the risks relative to the administering of the subject product into her person, and all or part of the alleged injuries, damages, and/or losses (if any) sustained by the deceased arose from and were caused by risks of which she was so aware, and such risks were accepted and assumed by her. Lilly possessed no duty to warn the plaintiff or the deceased, and, upon information and belief, possessed no ability to warn her directly, and had no contact with her. For these reasons, any recovery against Lilly should be diminished, reduced, offset, or barred in accordance with the principles of assumption of the risk.

## FOURTEENTH AFFIRMATIVE DEFENSE

All products in any way connected with Lilly are defect-free and not unreasonably dangerous. Such products fully comply with the products liability standard of Alabama.

## FIFTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, some or all of the injuries alleged in the Complaint were caused by preexisting medical conditions, subsequent medical conditions, and the natural course of those conditions, by an idiosyncratic reaction, operation of nature, or act of God, for which Lilly is not responsible.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c. the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d. the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

e. the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

     f. the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

     g. the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

     h. an award of punitive damages to plaintiff in this action would constitute a deprivation of property without due process of law; and

     i. the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

### **SEVENTEENTH AFFIRMATIVE DEFENSE**

With respect to plaintiff's demand for punitive or exemplary damages, Lilly specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation that arose in <u>BMW of North America v. Gore</u>, 517 U.S. 559 (1996), <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), and <u>State Farm Mutual Automobile Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003), and <u>Phillip Morris USA v. Williams</u>, No. 05-1256 (U.S. Feb. 20, 2007).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Punitive damages awards in Alabama are unconstitutional because they are penal in nature, yet defendants in civil action are not awarded the same procedural safeguards accorded to criminal and other defendants under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Therefore, plaintiff cannot recover punitive damages.

**NINETEENTH AFFIRMATIVE DEFENSE**

Punitive damages awards in Alabama are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state interest, are necessarily vague and arbitrary, and therefore are in violation of the due process and equal protection provisions of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as those of Article I, Sections 1, 6, and 22 of the Alabama Constitution. Therefore, plaintiff cannot recover punitive damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are barred by § 6-11-20 and § 6-11-27 of the Alabama Code.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Lilly affirmatively pleads and avers the protections afforded it by § 6-11-21 of the Alabama Code.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that the Food and Drug Administration of the United States Department of Health and Human Services is charged under the law with

regulating prescription drugs, including Zyprexa, and is specifically charged with determining the content of the warnings and labeling for prescription drugs. The granting of the relief prayed for in the plaintiff's Complaint would impede, impair, frustrate or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, cl. 2) of the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to Buckman Co. v. Plaintiff's Legal Committee, 531 U.S. 341 (2001).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The alleged injuries to the deceased, if any, were caused, in whole or in part, by the deceased's own contributory negligence, and are therefore barred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any verdict or judgment rendered against Lilly must be reduced by those amounts that have been, or will be, with reasonable certainty, paid to replace or indemnify Tangela Haigler, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

All or some of the deceased's medical expenses have been paid by the deceased's medical insurance carrier, or some other form of insurance, and plaintiff is not entitled to recover said medical expenses pursuant to § 6-5-522 of the Alabama Code.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's purported allegations of misrepresentation and fraud do not comply with Rule 9(b) of the Federal Rules of Civil Procedure, in that they fail to state a cause of action as a matter of law because, among other deficiencies, plaintiff fails to plead with specificity any false misrepresentation as to a material fact and/or reliance on the part of the deceased upon any such material fact.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

To the extent the deceased could not have commenced an action for the alleged wrongful acts, omissions, or negligence of Lilly at the time of his death, plaintiff's claims are barred by the Alabama Wrongful Death Statute, Ala. Code § 6-5-410(a).

### TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent this action was not commenced within two years from the deceased's death, plaintiff's claims are barred by the Alabama Wrongful Death Statute, Ala. Code § 6-5-410(d).

### THIRTIETH AFFIRMATIVE DEFENSE

To the extent the deceased's death was not proximately related to the alleged acts or omissions set forth in this Complaint, Lilly denies that plaintiff is entitled to maintain an action for person injury on behalf of the deceased.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The Alabama Wrongful Death Statute is unconstitutional both on its face and as applied to Lilly in the present case.

WHEREFORE, defendant Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

## JURY DEMAND

Lilly demands trial by jury for all issues in this action.

s/ James C. Barton, Jr.
James C. Barton, Jr. (BAR014)
Bar Number:  ASB-0237-B51J
Email: jbartonjr@jbpp.com

s/ Alan D. Mathis
Alan D. Mathis (MAT052)
Bar Number:  ASB-8922-A59M
Email: adm@jbpp.com

Attorneys for defendant
Eli Lilly and Company

**JOHNSTON BARTON PROCTOR & ROSE LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203
(205) 458-9400
(205) 458-9500 (fax)

**CERTIFICATE OF SERVICE**

       I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on March 23, 2007, using the CM/ECF system, which will send notification of such filing to the following:

       Zachary T. Collins
       Zachary T. Collins, Attorney at Law, LLC
       207 Montgomery Street
       Suite 215
       Montgomery, AL  36104


       s/ Alan D. Mathis
       Of Counsel

W0596433.DOC